JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARSHA DAVIS
2062 Kingston Street
Philadelphia, PA 19143

**DEFENDANTS**
CITY OF PHILADELPHIA and POLICE OFFICERS JOHN DOE #1-10
1515 Arch Street - 14th Fl., Phila., PA 19102

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Xavier P. Hayden, Esquire
Dion, Solomon & Shapiro, LLC - 1801 Market Street, Suite 606, Phila., PA 19103

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Civil Rights - 42 U.S.C. Section 1983, et al.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: September 11, 2009

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| MARSHA DAVIS<br>2062 Kingston Street<br>Philadelphia, PA 19143 : <br>CITY OF PHILADELPHIA and POLICE OFFICERS<br>JOHN DOE #1-10<br>1515 Arch Street – 14th Floor, Phila., PA 19102 | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| September 11, 2009 | _[signature]_ | Plaintiff, Marsha Davis |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 561-0877 | (215) 561-3557 | Xhayden@dionsolomon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

OFFICE OF THE CLERK OF COURT

Rule 5.1.2 of the Local Rules of Civil Procedure
Electronic Case Filing

Validation of Signature Form

Pursuant to Rule 5.1.2, Electronic Case Filing, all attorneys who have been excused from registering as an ECF Filing User, as defined in the ECF Procedures set forth in Rule 5.1.2, are required to complete this *Validation of Signature* form validating his or her signature for submission of filings on disk in portable document format (PDF), so that the filings may be entered into the District Court's ECF system. The document on disk must be accompanied by a courtesy copy of the document in paper format for use by the court. Attorneys who complete this form will receive a signature code which must be used by the attorney on the signature line of all courtesy copies submitted with a disk. The document as submitted on the disk will constitute the original document under Section 3 of Local Civil Rule 5.1.2.

**(Please Print or Type)**

First Name: __Xavier__   Middle Initial/Name: __P.__

Last Name: __Hayden__   Generation (i.e., Sr., Jr.) _____

Firm: __Dion, Solomon & Shapiro, LLC__   Bar Id No. and State: __56258 PA__

Address: __1801 Market Street, Suite 606__

Address: _____

City: __Philadelphia__   State: __PA__   Zip Code __19103__

Telephone No: __(215) 561-0877__   FAX No: __(215) 561-3557__

E-mail Address: __Xhayden@dionsolomon.com__

Are you admitted to practice in the Eastern District of Pennsylvania?
☒ Yes   ☐ No
If yes, are you a member in good standing?
☒ Yes   ☐ No

Are you admitted to practice pro hac vice in the Eastern District of Pennsylvania?
☐ Yes   ☒ No

4/07

Are you registered as an ECF Filing User in the Eastern District of Pennsylvania?

☒ Yes          ☐ No

If no, would you like to also register as an ECF Filing User in the Eastern District of Pennsylvania?
☐ Yes          ☐ No

***By submitting this registration form, the undersigned agrees/consents to the following:***

1. I have read and understood the provisions of Rule 5.1.2 of the Local Rules of Civil Procedure, *Electronic Case Filing*, and the court's *ECF Procedures* set forth in Rule 5.1.2, and I agree to abide by all provisions set forth therein.

2. I agree that this form constitutes my signature for filings which must be submitted on disk in portable document format (PDF), as required by Section 3 of Rule 5.1.2, *Electronic Case Filing*. I understand that I will be provided with a signature code which I must use on the signature line of all courtesy copies submitted with a disk  I have read and understood the provisions of Rule 11 of the Federal Rules of Civil Procedure, and I agree that my signature code used on the signature line of all courtesy copies submitted with a disk will serve as my signature for purposes of Rule 11. I further understand that the document as submitted on the disk will constitute the original document under Section 3 of Local Civil Rule 5.1.2.

3. I understand and agree that service of process will be made in accordance with those provisions set forth in Rule 5 of the Federal Rules of Civil Procedure.

*I hereby certify that the above information is true and correct and I am a member in good standing of the United States District Court for the Eastern District of Pennsylvania.*

_____      September 11, 2009
       Signature                                      Date

Please return completed form by U.S. Mail to: Michael E. Kunz
                                                 U.S. District Court
                                                 2609 U.S. Courthouse
                                                 601 Market Street
                                                 Philadelphia, PA 19106-1797

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARSHA DAVIS** <br> 2062 Kingston Street <br> Philadelphia, Pennsylvania 19143 <br><br> vs. <br><br> **CITY OF PHILADELPHIA** <br> 1515 Arch Street <br> 14th Floor <br> Philadelphia, Pennsylvania 19102 <br> **and** <br> **POLICE OFFICERS JOHN DOE #1-10** <br> 1515 Arch Street <br> 14th Floor <br> Philadelphia, Pennsylvania 19102 | CIVIL ACTION <br><br> **JURY TRIAL DEMANDED** <br><br><br><br> NO.: |

## *COMPLAINT*

1. Plaintiff, **MARSHA DAVIS**, is an individual and adult citizen of the Commonwealth of Pennsylvania residing as captioned.

2. Defendant, **CITY OF PHILADELPHIA**, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

3. Defendants, **POLICE OFFICERS JOHN DOE #'S 1-10**, are currently unidentified police officers. At all times material hereto, Defendants, Police Officers John Doe #'s 1-10, were employed as police officers by the City of Philadelphia.

4. At all times material Defendant, **CITY OF PHILADELPHIA**, was charged with the responsibility of testing, hiring, training and/or supervising members of the Philadelphia

Police Department including in particular, Defendants, Police Officers John Doe #'s 1-10.

5. At all times material Defendants, Police Officers John Doe's 1-10, acted within the course and scope of their employment under the color of state law and pursuant to the customs, policies and/or practices of the City of Philadelphia and the City of Philadelphia Police Department, and are being sued both individually and in their official capacity as police officers, agents and/or employees of the Defendant, City of Philadelphia.

## *JURISDICTION*

6. This court has jurisdiction under Federal Law Pursuant to 28 U.S.C. § 1331 and 1343.

7. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

## *FACTS*

8. On or about September 20, 2007, said Plaintiff, **MARSHA DAVIS**, was an individual who was inside her own home when she was approached by Philadelphia Police Officers who were serving a search warrant.

9. At the time Plaintiff, **MARSHA DAVIS**, was approached by Philadelphia Police Officers she was inside her own residence and was not engaged in any illegal activity.

10. Plaintiff, **MARSHA DAVIS**, was approached by Police Officers John Doe's #1 thru #10 in a threatening manner in which their weapons were out and a battering ram was in the hands of Officers John Doe #1 and John Doe's #2 - #10.

11. Plaintiff, **MARSHA DAVIS**, informed the Defendants, Police Officers John Doe #1 and John Doe's #2 - #10, that she was complying with their request to open her front door and

requested as to why her home was being searched by the police officer.

12.   Defendant Police Officers ordered Plaintiff, **MARSHA DAVIS**, to step outside her door onto her front porch.

13.   Defendants, Police Officers John Doe #1 and/or Police Officers John Doe #2 and/or John Does's #3 thru John Doe # 10 then jumped from the plaintiff's front porch to a neighbor's front porch across a railing between the two residences. Unknown to plaintiff, said officer abandoned the "battering ram," leaving the instrument on plaintiff's porch.

14.   Plaintiff, **MARSHA DAVIS**, still complying with the directive of police officers stepped out onto her front porch.

15.   After stepping onto the front porch, Plaintiff, **MARSHA DAVIS**, was caused to trip and fall on the abandoned "battering ram."

16.   The foregoing conduct of the Defendants, Police Officers John Doe #1 and/or John Doe #2-10 were undertaken as part of an effort to unlawfully arrest and/or serve a search warrant on Plaintiff, **MARSHA DAVIS**, person and premises and otherwise deprive Plaintiff of her civil and constitutional rights and was an abuse of power.

17.   The acts of the Defendants, Police Officers John Doe #1 and/or Police Officers John Doe #2-10 were committed recklessly, wantonly, maliciously, intentionally, outrageously and/or deliberately without just or probable cause or any other legal justification.

18.   As a result and as a direct and approximate result of the aforementioned acts by the Defendants, Police Officer John Doe #1 and/or Police Officers John Doe #2-10, Plaintiff, **MARSHA DAVIS**, sustained injuries in and about her body and extremities which injuries are and may be severe, permanent and may have aggravated a previously existing condition. The Plaintiff sustained fracture left wrist, chronic left wrist sprain necessitating prolonged splintery,

limitation and function of her left hand and arm, left ulnar wrist pain, left trapezius region, right knee strain and sprain, contusions and a severe shock to her nerves and nervous system which injuries are and may be serious and permanent. The Plaintiff has suffered and may continue to suffer a loss of earnings and earning capacity; has incurred and may continue to incur medical expenses in and about an effort to cure herself of said injuries.

## COUNT I - 42 U.S.C. §1983
## ILLEGAL SEARCH & SEIZURE
## MARSHA DAVIS vs. POLICE OFFICERS JOHN DOE #1-10

19. Plaintiff, **MARSHA DAVIS**, incorporates paragraphs 1 through 18 herein by reference as though each were fully set forth herein at length.

20. As aforesaid, Defendants, Police Officers John Doe #1-10, acting within the course and scope of their employment under the color of state law and pursuant to the customs, policies and/or practices of Defendant, City of Philadelphia, deprived Plaintiff, **MARSHA DAVIS**, of her rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States in particular, the right to be free from unlawful search and/or seizure all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

21. As described above Defendants, Police Officers John Doe #1-10, maliciously, intentionally and/or recklessly caused unlawful search and seizure of the Plaintiff, **MARSHA DAVIS**, in her residence without probable cause, without privilege and against the Plaintiff's will.

22. As a direct and proximate result of the malicious, intentional and/or reckless

actions of Defendants, Police Officers John Doe #1-10, Plaintiff, **MARSHA DAVIS**, sustained injuries which are more fully described above.

23. The above described actions of Defendant, Police Officers John Doe # 1-10, were so malicious and reckless and displayed such a reckless indifference to the Plaintiff, **MARSHA DAVIS**'s rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, **MARSHA DAVIS**, demands compensatory and punitive damages against Defendants, Police Officers John Doe #1-10, for an amount in excess of One Hundred and Fifty Thousand ($ 150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### *COUNT II - 42 U.S.C §1983*
### *EXCESSIVE FORCE*
### *MARSHA DAVIS vs. POLICE OFFICERS JOHN DOE #1-10*

24. Plaintiff, **MARSHA DAVIS**, incorporates paragraphs 1 through 23 herein by reference as though each were fully set forth herein at length.

25. As aforesaid, Defendants, Police Officers John Doe #1-10, acting within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the Defendant, City of Philadelphia, deprived Plaintiff, **MARSHA DAVIS**, of her rights, privileges and immunities under the Laws of the Commonwealth of Pennsylvania and the United States and in particular, the right to be free from excessive use of force and unlawful seizure which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Laws of the United States and the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. §1983.

26. As detailed above, Defendants, Police Officers John Doe #1-10, acting within the course and scope of their employment, under the color of state law and pursuant to the customs,

policies and practices of the Defendant, City of Philadelphia, by their actions, intentionally, recklessly and/or maliciously assaulted and battered Plaintiff, Bruce Jordan, without legal cause or justification.

26. As a direct and proximate result of the malicious, intentional and/or reckless actions of the Defendants, Police Officers John Doe #1-10, the Plaintiff, **MARSHA DAVIS**, suffered injuries that are described more fully above.

28. The above described actions of the Defendants, Police Officers John Doe #1-10, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, **MARSHA DAVIS**, demands compensatory and punitive damages against Defendants, Police Officers John Doe #1-10, in an amount in excess of One Hundred and Fifty Thousand ($ 150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

<u>*COUNT III - 42 U.S.C. §1983, 1988*
*CONSPIRACY*
*MARSHA DAVIS vs. POLICE OFFICERS JOHN DOE #1-10*</u>

29. Plaintiff, **MARSHA DAVIS**, incorporates paragraphs 1 through 28 herein by reference as though each were fully set forth herein at length.

30. As detailed above Defendant, Police Officers John Doe #1-10, entered into a conspiracy to harm the Plaintiff, **MARSHA DAVIS**, and deprive her of the equal protection of the laws and deny the Plaintiff of her rights and privileges under the Constitution of the United States and laws of the United States and of the Commonwealth of Pennsylvania.

31. As detailed above the conspiracy directly and proximately resulted in harm to the

Plaintiff, **MARSHA DAVIS**, including the deprivation of her rights and privileges under the Constitution of the United States and the Laws of the Commonwealth of Pennsylvania.

32. As detailed above, Defendants, Police Officers John Doe #1-10, acting within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the City of Philadelphia through the use of excessive force and unlawful seizure, intentionally, recklessly and/or maliciously assaulted and battered Plaintiff, **MARSHA DAVIS**, who posed no imminent threat to Defendants, deprived the Plaintiff of the privileges and immunities afforded to citizens of the United States and the Commonwealth of Pennsylvania, all of which actions violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania and all of which actions contributed to, assisted and implemented the conspiracy.

33. The Plaintiff believes and therefore avers that Defendants, Police Officers John Doe #1-10, acting within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the Defendant, City of Philadelphia, provided intentional, as well as unintentional, support to the conspiracy to deprive Plaintiff, **MARSHA DAVIS**, of her constitutional rights.

34. As a direct and proximate result of the malicious, intentional and reckless actions of the Defendants, Police Officers John Doe #1-10, the Plaintiff, **MARSHA DAVIS**, suffered injuries that are described above.

35. The above described actions of the Defendants, Police Officers John Doe #1-10, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

*WHEREFORE*, Pursuant to 42 U.S.C. §1983, Plaintiff, **MARSHA DAVIS**, demands compensatory and punitive damages against Defendants, Police Officers John Doe #1-10, jointly and severally in an amount in excess of One Hundred and Fifty Thousand ($ 150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

<u>**COUNT IV - 42 U.S.C. §1983**</u>
<u>**BYSTANDER LIABILITY**</u>
<u>*MARSHA DAVIS vs. POLICE OFFICERS JOHN DOE #1-10*</u>

36.   Plaintiff, **MARSHA DAVIS**, incorporates paragraphs 1 through 35 herein by reference as though each were fully set forth herein at length.

37.   Plaintiff, **MARSHA DAVIS**, believes and therefore avers that Defendants, Police Officers John Doe #1-10, encouraged and idly stood by while an illegal search and seizure of the Plaintiff's residence was conducted and while injury was caused to the plaintiff, which deprived the Plaintiff of her constitutional rights and privileges under the Constitution of the United States.

38.   Plaintiff, **MARSHA DAVIS**, believes and therefore avers that Defendants, Police Officers John Doe #1-10, encouraged and failed to prevent their fellow officers from conducting an illegal search and seizure of plaintiff's residence and pursue and caused injury to and against the Plaintiff, and therefore deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments.

39.   As described above Police Officers John Doe #1-10, failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the illegal search and seizure of plaintiff's residence and injury upon the Plaintiff by their fellow officers.

40.   As detailed above, by encouraging and failing to intervene, Defendants, Police

Officers John Doe #1-10, effectively assisted their fellow officers in subjecting plaintiff to an illegal search and seizure and causing her injury and therefore deprived her of her constitutional rights and privileges under the Constitution of the United States, more specifically the Fourth and Fourteenth Amendments.

41. The above described actions of the Defendants, Police Officers John Doe #1-10, in their individual capacities were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, Pursuant to 42 U.S.C. §1983, Plaintiff, **MARSHA DAVIS**, demands compensatory and punitive damages against Defendants, Police Officers John Doe #1-10, jointly and severally in an amount in excess of One Hundred and Fifty Thousand ($ 150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT V - 42 U.S.C. §1983
### MONELL/UNCONSTITUTIONAL CUSTOM, POLICY AND/OR PRACTICE
### MARSHA DAVIS vs. CITY OF PHILADELPHIA

42. Plaintiff, **MARSHA DAVIS**, incorporates paragraphs 1 through 41 herein by reference as though each were fully set forth herein at length.

43. Plaintiff, **MARSHA DAVIS**, believes and therefore avers that Defendant, City of Philadelphia, had adopted and maintained for many years a recognized accepted policy, custom and/or practice of condoning and/or acquiescing in the illegal and unconstitutional search and seizure of citizens, specifically search and seizure made of its citizens residences without the requisition probable cause upon the citizens of the, Commonwealth of Pennsylvania in or near City of Philadelphia.

44. Plaintiff, **MARSHA DAVIS**, believes and therefore avers that Defendant, City

of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, customs and/or practice of systematically failing to properly train, supervise and/or discipline members of City of Philadelphia Police Department, including Defendants, Police Officers John Doe #1-10, regarding constitutional restraints on search and seizure causation of injuries to its lawful citizens.

45. The above cited policy, custom and/or practice is deliberately indifferent to the rights of citizens in or near City of Philadelphia and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and laws of the Commonwealth of Pennsylvania.

46. The Defendant, City of Philadelphia, was aware of the aforesaid described policy, custom and/or practice for a substantial period of time and despite its knowledge of the illegal policy, custom and/or practice as descried above, the supervisory and policy making officials failed to take steps to terminate said practice, custom and/or policy; have failed to discipline or otherwise properly supervise its officers who engaged in the above described policy, custom and/or practice; have not effectively trained officers with regard to the proper constitutional and statutory limits regarding search and seizure powers and use of same and instead sanctioned the policy, custom and/or practice described above to the deliberate indifference of the constitutional rights of citizens of the Commonwealth of Pennsylvania.

47. By failing to take action to stop or limit the policy, custom and/or practice and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, Defendant, City of Philadelphia, condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the

Constitutional of the United States and the Laws of the United States, and the laws of the Commonwealth of Pennsylvania.

*WHEREFORE*, Plaintiff, **MARSHA DAVIS**, demands compensatory and punitive damages against Defendants, Police Officers John Doe #1-10, in an amount in excess of One Hundred and Fifty Thousand ($ 150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

                                                **DION, SOLOMON & SHAPIRO, L.L.C.**

BY: _____
            XAVIER P. HAYDEN, ESQUIRE
            Attorney for Plaintiff

*DATED: September 10, 2009*

# VERIFICATION

XAVIER P. HAYDEN, ESQUIRE, hereby states that he is the attorney of record in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
XAVIER P. HAYDEN, ESQUIRE
Attorney for Plaintiff

*DATED: September 10, 2009*