IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARSHA DAVIS,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | **No. 09-4176** |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF THE DEFENDANT
CITY OF PHILADELPHIA**

Defendant, City of Philadelphia (the "City"), (hereinafter "Answering Defendant"), by and through its undersigned counsel, hereby files an answer to the plaintiff's complaint, together with affirmative defenses, and avers as follows:

**PARTIES**

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 and therefore, the Answering Defendant denies the allegations.

2. Admitted.

3. Denied. The averments contained in paragraph 3 of Plaintiff's Civil Action Complaint are addressed to defendants other than the Answering Defendant herein. The Answering Defendant is therefore advised that no further answer is required to the averments contained therein. Moreover, all averments of agency are denied. The plaintiff has not indicated the identity of any specific person alleged to have been an agent, servant, or employee of the City of Philadelphia, and therefore, the averments must be denied. At no time did any agent, worker,

servant, or employee of the City of Philadelphia cause any injury or damage to plaintiff.

4 & 5.   Denied.   The allegations of paragraphs 4 and 5 contain conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. Further, the averments contained in paragraphs 4 and 5 of Plaintiff's Civil Action Complaint are addressed to defendants other than the Answering Defendant herein. The Answering Defendant is therefore advised that no further answer is required to the averments contained therein. Moreover, all averments of agency are denied. The plaintiff has not indicated the identity of any specific person alleged to have been an agent, servant, or employee of the City of Philadelphia, and therefore, the averments must be denied. At no time did any agent, worker, servant, or employee of the City of Philadelphia cause any injury or damage to plaintiff.

## JURISDICTION

6 & 7.   Denied.   The allegations of paragraphs 6 and 7 contain conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure.

## FACTS

8 to 18.   Denied.   The allegations of paragraphs 8 to 18 contain conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. Further, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 8 to 18 and therefore, the Answering Defendant denies the allegations. In addition, the averments contained in paragraphs 8 to 18 of Plaintiff's Civil Action Complaint are addressed to defendants other than the Answering Defendant herein. The Answering Defendant is therefore advised that no further answer is required to the averments contained therein. Moreover, all averments of agency are denied. The plaintiff has not indicated the identity of any specific person alleged to

have been an agent, servant, or employee of the City of Philadelphia, and therefore, the averments must be denied. At no time did any agent, worker, servant, or employee of the City of Philadelphia cause any injury or damage to plaintiff.

### COUNT I
### FOURTH AND FOURTEENTH AMENDMENT
### ILLEGAL SEARCH AND SEIZURE
### PLAINTIFF v. DEFENDANT JOHN DOES 1-10

19.   The Answering Defendant incorporates by reference its answers to paragraphs 1 through 18, inclusive, as fully as though the same were here set forth at length.

20 to 23.   Denied. The allegations of paragraphs 20 to 23 contain conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. Further, the averments contained in paragraphs 20 to 23 of Plaintiff's Civil Action Complaint are addressed to defendants other than the Answering Defendant herein. The Answering Defendant is therefore advised that no further answer is required to the averments contained therein. Moreover, all averments of agency are denied. The plaintiff has not indicated the identity of any specific person alleged to have been an agent, servant, or employee of the City of Philadelphia, and therefore, the averments must be denied. At no time did any agent, worker, servant, or employee of the City of Philadelphia cause any injury or damage to plaintiff.

WHEREFORE, Answering Defendant denies that it is liable to plaintiff, and demands judgment in its favor, together with reasonable attorney's fees and the costs of defending this action.

### COUNT II
### EXCESSIVE FORCE
### PLAINTIFF v. DEFENDANT JOHN DOES 1-10

3

24. The Answering Defendant incorporates by reference its answers to paragraphs 1 through 23, inclusive, as fully as though the same were here set forth at length.

25 to 28. Denied. The allegations of paragraphs 25 to 28 contain conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. Further, the averments contained in paragraphs 25 to 28 of Plaintiff's Civil Action Complaint are addressed to defendants other than the Answering Defendant herein. The Answering Defendant is therefore advised that no further answer is required to the averments contained therein. Moreover, all averments of agency are denied. The plaintiff has not indicated the identity of any specific person alleged to have been an agent, servant, or employee of the City of Philadelphia, and therefore, the averments must be denied. At no time did any agent, worker, servant, or employee of the City of Philadelphia cause any injury or damage to plaintiff.

WHEREFORE, Answering Defendant denies that it is liable to plaintiff, and demands judgment in its favor, together with reasonable attorney's fees and the costs of defending this action.

## COUNT III
## CONSPIRACY
## PLAINTIFF v. DEFENDANT JOHN DOES 1-10

29. The Answering Defendant incorporates by reference its answers to paragraphs 1 through 28, inclusive, as fully as though the same were here set forth at length.

30 to 35. Denied. The allegations of paragraphs 30 to 35 contain conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. Further, the averments contained in paragraphs 30 to 35 of Plaintiff's Civil Action Complaint are addressed to defendants other than the Answering Defendant herein. The Answering Defendant is therefore advised that no further answer is required to the averments contained therein.

Moreover, all averments of agency are denied. The plaintiff has not indicated the identity of any specific person alleged to have been an agent, servant, or employee of the City of Philadelphia, and therefore, the averments must be denied. At no time did any agent, worker, servant, or employee of the City of Philadelphia cause any injury or damage to plaintiff.

WHEREFORE, Answering Defendant denies that it is liable to plaintiff, and demands judgment in its favor, together with reasonable attorney's fees and the costs of defending this action.

## COUNT IV
## BYSTANDER LIABILITY
## PLAINTIFF v. DEFENDANT JOHN DOES 1-10

36. The Answering Defendant incorporates by reference its answers to paragraphs 1 through 35, inclusive, as fully as though the same were here set forth at length.

37 to 41. Denied. The allegations of paragraphs 37 to 41 contain conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. Further, the averments contained in paragraphs 37 to 41 of Plaintiff's Civil Action Complaint are addressed to defendants other than the Answering Defendant herein. The Answering Defendant is therefore advised that no further answer is required to the averments contained therein. Moreover, all averments of agency are denied. The plaintiff has not indicated the identity of any specific person alleged to have been an agent, servant, or employee of the City of Philadelphia, and therefore, the averments must be denied. At no time did any agent, worker, servant, or employee of the City of Philadelphia cause any injury or damage to plaintiff.

WHEREFORE, Answering Defendant denies that it is liable to plaintiff, and demands judgment in its favor, together with reasonable attorney's fees and the costs of defending this action.

**COUNT V**
***MONELL* LIABILITY**
**PLAINTIFF v. DEFENDANT JOHN DOES 1-10**

42. The Answering Defendant incorporates by reference its answers to paragraphs 1 through 41, inclusive, as fully as though the same were here set forth at length.

43 to 47. Denied. The allegations of paragraphs 43 to 47 contain conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure. The Answering Defendant is therefore advised that no further answer is required to the averments contained therein. Further, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 43 to 47 and therefore, the Answering Defendant denies the allegations.

WHEREFORE, Answering Defendant denies that it is liable to plaintiff, and demands judgment in its favor, together with reasonable attorney's fees and the costs of defending this action.

**AFFIRMATIVE DEFENSES**

48. The plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. §§ 1983, 1985 and/or 1988.

49. The plaintiff has failed to state a claim upon which relief can be granted under her state constitutional law and intentional tort claims.

50. The plaintiff's state law claims are barred or limited by the defenses, immunities and limitations of damages available to the answering defendants under the Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8541, *et seq*.

51. The plaintiff's state law remedies, if any, are limited exclusively to those set forth in the Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8541, *et seq*.

52. With respect to her federal and state law claims against the City of Philadelphia and any individual defendants in their official capacity, the plaintiff cannot recover punitive damages against a governmental entity, such as the City of Philadelphia, or against an official or employee of a governmental entity acting in the course and scope of his employment or official capacity.

53. The plaintiff's claims are barred by the applicable statute of limitations.

54. The plaintiff's alleged injuries were caused by herself or by persons other than the answering defendants.

55. Pennsylvania decisional law holds that there is no right to monetary relief based on the Pennsylvania Constitution. <u>Jones v. City of Philadelphia</u>, 890 A.2d 1188 (Pa. Commw. Ct. 2006), <u>allocatur</u> <u>denied</u> 909 A.2d 1292 (Pa. 2006).

WHEREFORE, Answering Defendant denies that it is liable to plaintiff, and demands judgment in its favor, together with reasonable attorney's fees and the costs of defending this action.

Respectfully submitted,

mmf5018_____
MARGARET M. FENERTY
Senior Attorney
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
(215) 683-5444

DATED:  October 12, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARSHA DAVIS,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | **No. 09-4176** |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

I, MARGARET M. FENERTY, Senior Attorney, hereby certify that on this date, the foregoing ANSWER WITH AFFIRMATIVE DEFENSES OF THE CITY DEFENDANT was electronically filed and is available for viewing and downloading from the ECF system. A copy was also served upon the following individuals by first class mail, postage prepaid, as follows:

**Xavier P. Hayden, Esq.**
**1801 Market Street**
**Suite 606**
**Phila., PA  191032**
**Attorney for Plaintiff**

mmf5018_____
MARGARET M. FENERTY
Senior Attorney

DATED: October 12, 2009